WARD, Judge.
Anne G. Gates appeals a judgment declaring her an “unworthy heir” to her deceased husband’s estate.
*45 On October 7, 1987 Raymond J. Gates died testate of unnatural causes. In his will Mr. Gates named his wife, Anne G. Gates, his universal legatee and testamentary executrix. On February 3, 1988, Mrs. Gates filed a petition to probate her husband’s testament which named her a universal legatee and executrix. Mr. Gates also named Mrs. Gates as the beneficiary of his life insurance.
On May 18, 1988, a Grand Jury indicted Mrs. Gates charging her with the first degree murder of her husband. Through a plea bargain agreement, the District Attorney reduced the charge to manslaughter, Mrs. Gates tendered a plea of nolo conten-dré, and the Trial Court accepted that plea March 10, 1989. The District Court then sentenced Mrs. Gates to serve ten years in the Custody of the Director of the Department of Corrections.
Floyd W. Gates, David S. Simpson and Patricia S. Tyrrell, the brother, nephew and niece, (intervenors) of the decedent intervened in the succession proceeding seeking to have Mrs. Gates declared an “unworthy heir.”
The intervenors’ contention that Mrs. Gates is an “unworthy heir” is supported by two civil code provisions. The first is La.C.C. art. 966 which reads in part:
Causes of unworthiness
Persons unworthy of inheriting, and, as such, deprived of the successions to which they are called, are the following: 1. Those who have been convicted of a crime involving the intentional killing or attempted killing of the deceased, or, if not convicted, who are judicially determined to have participated in the intentional, unjustified killing or attempted killing of the deceased. An executive pardon shall not restore the right to succeed.
and second, La.C.C. art. 1691 which provides:
Kinds of revocation
The revocation of testaments by the act of the testator is express or tacit, general or particular.
[[Image here]]
However, in all cases, a legacy or disposition shall be deemed revoked and not written when the legatee has been convicted of a crime involving the intentional killing or attempted killing of the testator or, if not convicted, is judicially determined to have participated in the intentional, unjustified killing or attempted killing of the testator. An executive pardon shall not affect the revocation.
In support of their argument to deny Mrs. Gates the proceeds of the life insurance policy, the intervenors rely on La.R.S. 22:613(D) which states in pertinent part:
Insurable interest required; personal insurance; intentional acts exclusion
******
D. (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits there under accruing upon the death, disablement, or injury of the individual insured when said beneficiary, as-signee, or other payee is:
(a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured; or
(b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.
******
The Trial Court, before accepting Mrs. Gates plea of nolo contendré, advised Mrs. Gates of the rights she was waiving by tendering that plea. Moreover, Mrs. Gates signed a form acknowledging that she was waiving some Constitutional rights by tendering that plea. The Trial Judge even read La.C.Cr.P. Art. 552(4) verbatim to Mrs. Gates.
******
(4) Nolo contendré, which plea a court may in its discretion accept only if the offense charged is not a capital offense. If a court accepts such a plea, it shall impose sentence or place the defendant on probation, or release him during his good behavior, in accordance with the laws applicable to the offense. A sentence imposed upon a plea of nolo conten- *46 dre is a conviction and may be considered as a prior conviction and provide a basis for prosecution or sentencing under laws pertaining to multiple offenses, and shall be a conviction for purposes of laws providing for the granting, suspension or revocation of licenses to operate motor vehicles.
The intervenors strenuously argue that the very fact of an imposition of sentence on Mrs. Gates constitutes a “conviction” as contemplated by the previously quoted co-dal and statutory provisions. Moreover, the intervenors argue the District Court Judge’s inclusion of La.C.Cr.P. art. 552(4), in the Boykin proceeding, without objection or opposition from Mrs. Gates’ criminal counsel proves Mrs. Gates knew she would be considered as convicted.
The Trial Court held that the facts of this case brought into conflict C.C. art. 1691 and C.E. art. 410 and resolved the matter in favor of C.C. art. 1691.
Mrs. Gates claims that the Trial Court erred in granting summary judgment because the evidence offered by intervenors in support thereof is neither competent nor admissible under La.C.E. art. 410(A)(2) and (3) which provides:
Inadmissibility of pleas, plea discussions, and related statements.
A. General Rule. Except as otherwise provided in this Article, evidence of the following is not, in any civil or criminal proceeding, admissible against the party who made the plea or was a participant in the plea discussions:
⅜: ⅝: jf: ‡ * sfc
(2) In a civil case, a plea of nolo conten-dré;
(3) Any statement made in the course of any court proceeding concerning either of the foregoing pleas, or any plea discussions with an attorney for or other representative of the prosecuting authority regarding either of the foregoing pleas.
We hold that La.C.E. Art. 410 is applicable and we reverse. Whether Mrs. Gates is an unworthy legatee, and whether the legacy is revoked is a question of fact that must be proven like all other facts. La. C.E. Art. 1101 makes the Code of Evidence “applicable to the determination of questions of fact in all judicial proceedings.... ” Although La.C.Cr.P. Art. 552(4) makes a plea of nolo contendré a conviction, it is a conviction only for limited purposes in criminal law and procedure, described in C.Cr.P. Art. 552(4). On the other hand, La.C.E. Art. 410(A)(2) is applicable to civil proceedings. It is specific and of more recent origin, and anything said in La.C. Cr.P. 552(4) not withstanding, neither a plea of nolo contendré nor other court proceedings or discussions about the plea may be used as evidence to prove a fact in civil proceedings.
Costs of this appeal are assessed to inter-venors.
REVERSED.
Intervenors have requested a rehearing in this matter or alternatively for a clarification of our decision rendered March 14, 1990.
It was and is this Court’s intention to remand this matter for a trial on the merits of the issue of whether Mrs. Gates is an unworthy heir.